PER CURIAM.
This is an appeal by the plaintiff from an adverse judgment rendered after a non-jury trial in a law action. The insured under a property damage liability indemnity policy sought recovery for breach of contract by the insurer through alleged improper denial of coverage. A third party, for whom plaintiff performed services, had sued plaintiff claiming damages to its property through negligence and breach of warranty. In that suit the insurer denied coverage on the warranty claim, whereupon the insured employed counsel. The insurer supplied counsel to defend the other part of the case or claim on which it had not renounced coverage, and its attorneys actually defended the entire case, in which judgment was entered in favor of the defendant, the plaintiff in the instant case. Later, while the judgment remained subject to possible reversal on appeal, the insured settled the warranty claim and brought the present action against the insurer, for the amount paid in settlement and for attorney fees.
Additional facts and the trial court’s findings and disposition of the case are set out in the judgment, viz.:
“The plaintiff sued upon an insurance policy, claiming, among other things, that it had incurred expense (or sustained damage) as a result of defendant’s denial of coverage. The *701 defendant denied the material allegations of the complaint and affirmatively alleged, among other things, that it did, in fact, defend plaintiff in the law suit in question, obtained a dismissal of said suit, with prejudice, and that the damage, if any, sustained by the plaintiff was the result of a voluntary payment on its part.
“The Court finds from the evidence that (1) defendant’s letter of July 29, 19S9 was a denial of coverage under the policy for breach of warranty or breach of contract, thereby permitting plaintiff to retain attorneys to represent it; (2) notwithstanding said letter, defendant did, in fact, continue to defend plaintiff in the law suit in question, and obtained an order of dismissal, with prejudice, on April 18, 1961; (3) on May 27, 1961 (more than a month after the order of dismissal and prior to an appeal from said order), the plaintiff notified defendant by letter that plaintiff had tentatively agreed to settle all claims resulting from breach of warranty, unless defendant met plaintiff’s demands before noon, June 2, 1961; (4) defendant instructed plaintiff, prior to noon, June 2, 1961, not to settle the alleged claims and, that if plaintiff makes such a settlement, it will constitute a voluntary payment under the policy, and (5) notwithstanding said instructions, plaintiff settled the alleged claims.
“In addition to these specific findings, the Court further finds that the plaintiff has failed to prove, by a preponderance of the evidence, the essential elements of its cause of action. Accordingly, it is
“Ordered and Adjudged as follows:
“1. That the plaintiff’s complaint, be and it is hereby dismissed, with prejudice.”
Appellant’s contention that the trial court’s findings and judgment were contrary to the weight and preponderance of the evidence is without merit. On inspection of the record we conclude that the trial judge was eminently correct in denying the plaintiff’s claim for recovery of the amount paid out in settlement and we affirm the judgment to that extent, but we reverse the judgment in part, as to the claim for damages which resulted to the plaintiff from its need to employ attorneys to defend it; and the cause is remanded for trial on damages, limited to the amount reasonably paid or incurred by the plaintiff for attorney fees in the initial action.
Affirmed in part and reversed in part and remanded.