200 So.2d 205 (1967)
The ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
Sidney HODOR, Appellee.
No. 66-610.
District Court of Appeal of Florida. Third District.
June 13, 1967.
Rehearing Denied July 11, 1967.
Dean, Adams, George & Wood, Jeanne Heyward, Miami, for appellant.
Welsh, Cornell & Walsh, Horton & Schwartz, Miami, for appellee.
Before HENDRY, C.J., and PEARSON and SWANN, JJ.
*206 PER CURIAM.
The appellant was sued by its insured for breach of a contract to defend under an insurance policy. The appellee received a final judgment after a non-jury trial. This appeal is from that judgment.
The appellee alleged that the insurance company owed him the defense of an action which claimed assault and battery and negligent injury of a third party by appellee, assured. The complaint in the original suit by the third party claimed damages only for assault and battery. The company refused to defend upon the ground that intentional torts were not covered under the policy. Later the complaint was amended to include allegations of negligent injury. The insurance company was given specific notice that the complaint would be amended to include a claim of negligence.
The trial court entered a summary judgment for the appellant upon the issue of its responsibility to the appellee for the defense of the suit prior to the date that the application was made to amend the complaint. After trial, the court found the appellant liable to the appellee for attorneys' fees incurred subsequent to the date of the application to amend the pleadings.
On this appeal the appellant has presented seven points. The first and second points are directed to a claim that the appellant, as defendant, was entitled to a directed verdict because the complaint alleged only a duty to defend the assault and battery charge. As noted above, the trial court did not consider the amended complaint as claiming damages for the failure to defend from the date of the original complaint. The only issue remaining at the time of trial was the question of liability for the failure to defend the first action after it was amended. This was the state of the record since the appellant had received a summary judgment upon the issue of its obligation to defend the first action before it was amended. The appellant objected at the time of the trial (which occurred some five months after the summary judgment) to the prosecution of the suit without an amendment of the pleadings. Appellant also moved for a directed verdict and a new trial upon this ground. The error urged is that the appellee failed to amend its complaint to conform to the evidence since the complaint as drafted referred only to the claimed liability of the appellant to defend the action based on assault and battery.
Florida Rules of Civil Procedure 1.190(b), 30 F.S.A.[1] provides:
"* * * If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence * * *."
The appellant has failed to demonstrate that it at any time objected to the evidence. In addition, the same rule provides for the granting of the right of amendment to conform to the evidence if "* * * the objection party fails to satisfy the court that the admission of such evidence will prejudice him in maintaining his action or defense upon the merits." From this record it is clear that the appellant was not prejudiced by the failure to amend the pleading to conform to the evidence, inasmuch as he had adequate notice of the issue to be tried. Thus, he has failed to demonstrate that the error claimed, i.e., the failure to enter an order declaring the pleadings to be amended to conform to the evidence, was a prejudicial error.
Appellant's points 3, 4 and 5 urge that the evidence was insufficient to show a breach of its contract to defend. Without setting forth the contract and the lengthy dealings that appellant had with the insured, we think it is sufficient to state that we *207 have examined the record in the light of these points and find the evidence sufficient.
Appellant's sixth point claims error upon the court's refusal to apportion the amount of attorneys' fees and costs between the defense of the claim of an intentional tort and the claim of a negligent tort. The trial judge is affirmed upon this point upon authority of Town and Beach Plumbing Co. v. American Fire and Casualty Company, Fla.App. 1963, 157 So.2d 700; St. Paul F. & M. Ins. Co. v. Icard, Merrill, Cullis & Timm, Fla.App. 1967, 196 So.2d 219.
Appellant's seventh point raises a constitutional issue as to the validity of § 627.0127 Fla. Stat., F.S.A. Inasmuch as the trial court did not expressly rule on the issue, and the point is not argued in the brief, we do not consider that the judgment directly passed upon the validity of the statute. See Lipe v. City of Miami, Fla. 1962, 141 So.2d 738, 743. Therefore, we do not further consider the contention except to point out that it has recently been decided adversely to appellant in Continental Casualty Company v. Gold, Fla. 1967, 194 So.2d 272.
Affirmed.
NOTES
[1] This identical language was in effect as a part of Rule 1.15 Florida Rules of Civil Procedure, 1965 Revision.