COLE, Judge.
The issue in this case is whether the third party defendant insurance companies have a duty to defend their insureds or whether the language of the policy clearly excludes coverage of the claim. Because we find the trial court was clearly wrong in concluding the insurance companies owed a defense to the insureds, we reverse the judgment of the trial court. Arceneaax v. Domingue, 365 So.2d 1330 (La.1978), rehearing denied 1979.
This dispute arose when plaintiff, Charles Binder, a deputy sheriff for Tangipahoa Parish, sued Edgar McGehee, a deputy sheriff for St. Tammany Parish, George Broom, sheriff of St. Tammany Parish, and the St. Tammany Parish Sheriff’s Office. Binder claimed his reputation had been damaged by slanderous remarks made by McGehee. Deputy McGehee allegedly made the following statement to a group of law enforcement officers attending a Regional Organized Crime Information Center meeting in Little Rock, Arkansas: “Don’t trust Charles Binder, he’s on the take.”
The Sheriff’s Association of the State of Louisiana provides insurance coverage for the sheriff and deputies of both parishes involved. Claims up to $15,000 are deductible, payable from the sheriff’s general fund and joint checking account with the broker. Claims from $15,000 to $50,000 are payable from the policy provided by North River Insurance Company. The next three layers of insurance are provided by International Surplus Lines Insurance Company. Defendants were informed by their insurance agent, Gray and Company, that no defense would be provided because of certain exclusionary language in the base policy.
Defendants filed a third party claim against North River Insurance Company and International Surplus Lines Insurance Company,[1] seeking damages for the insurers’ violation of their duty to defend. In the meantime, plaintiff Charles Binder dismissed his demand against the original defendants. The trial court denied the insurers’ motion for summary judgment and granted partial summary judgment in favor of third party plaintiffs, declaring third party plaintiffs were covered by the insur- *336 anee policy in question.[2] A hearing was held to determine the amount of legal fees incurred by the third party plaintiffs (the original defendants) in their defense of Binder’s defamation suit. Judgment was rendered in this matter in the amount of $18,125.00. The insurance companies have appealed both the partial summary judgment and the money judgment which were rendered in favor of the third party plaintiffs.
The pertinent language of the base policy reads as follows:

“NAME OF INSURED (ASSURED):

The ‘NAMED INSURED’ shall be defined as follows:
‘Named Insured’ means each Sheriff of the Parishes of the State of Louisiana, each legally commissioned Deputy Sheriff, and each employee of the Sheriff.... Wherever the word ‘Insured’ appears herein, it will be understood to mean the Named Insured.

“EXCLUSIONS

“This policy does not apply:

(a) To any obligation for which the insured or any carrier as his insurer may be held liable under any workmen’s compensation, unemployment compensation, disability benefits law, or under any similar law, or to personal injury or bodily injury sustained by any paid full and part time law enforcement officer of the names (sic) insured directly or indirectly related to his employment by the named insured; (Emphasis added.)
“Coverage C — Personal Injury
‘Personal Injury’ means false arrest, erroneous service of civil papers, false imprisonment, malicious prosecution, libel, slander, defamation of character, deprivation of rights . . . provided that no act shall be deemed to be or result in personal injury unless committed or alleged to have been committed during the currency of this policy arising out of the performance of the duties under color of law of any duly elected or appointed office of sheriff or deputy sheriff of any Parish of the State of Louisiana as stipulated herein;” (Emphasis added.)
Under the language of the policy, plaintiff Deputy Sheriff Charles Binder is clearly an insured. The defendants Deputy Sheriff Edgar McGehee and Sheriff George Broom, are also insureds under the policy. Under exclusion (a), there is no coverage for personal injury sustained by a law enforcement officer of the named insured when that injury is directly or indirectly related to his employment by the named insured. (Personal injury is defined as including libel, slander and defamation of character.)
We find it is apparent from the facts of the case this suit is by one insured against another insured and therefore the exclusion applies. In his reasons for denying a summary judgment sought by the insurance companies, the trial court noted the intention of the insurer must have been to prevent suits by a deputy of one parish against the sheriff of the same parish. The court reasoned the exclusion was not intended to prevent suits by the deputy of one parish against the sheriff of another parish. We cannot agree. Although exclusion clauses are to be narrowly construed, they must be given effect when there are no conflicting statutes or public policy and the language is clear and unambiguous. Andrus v. Police Jury of Parish of Lafayette, 270 So.2d 280 (La.App. 3d Cir. 1972); Cormack v. Prudential Insurance Company of America, 259 So.2d 340 (La.App. 4th Cir. 1972), writ refused 1972. We find the. language to be clear. Even though it may be doubtful the insurer intended the ultimate result of the exclusionary language, if the policy language is clear, it is beyond the *337 authority of the court to reform the contract to make the exclusionary provision apply in a manner different from the language of the policy. Continental Automobile Association, Inc. v. Hansen, 334 So.2d 437 (La.App. 4th Cir. 1976).
The only other issue pertinent to coverage is whether or not the injury sustained by Deputy Sheriff Binder was directly or indirectly related to his employment by the named insured. We find the injury was at least indirectly related to his employment because it was a statement which concerned his integrity as a law enforcement officer. The statement was made by Deputy Sheriff McGehee during the scope and course of his employment while attending a professional law enforcement meeting. The statement was made to other law enforcement officers. In his petition plaintiff seeks damages for the resulting discredit of his character and reputation before his fellow law enforcement officers. Certainly any personal injury resulting from a statement such as “Don’t trust Charlie Binder, he’s on the take,” would be felt by Binder most keenly in his capacity as a deputy sheriff. We certainly cannot say this allegedly defamatory statement and resulting injury is not related to Binder’s employment as a law enforcement officer.
Since the injury sustained was at least indirectly related to the insured’s employment and since the suit was filed by one insured against another, we hold the policy language clearly excludes coverage on behalf of the insureds. For this reason, we reverse the judgments of the trial court. Costs are assessed equally against third party plaintiffs.
REVERSED.

. Gray and Company was also named a defendant in the third party demand but was dismissed by summary judgment because it is an insurance agency rather than an insurance company.

. The insureds are considered to be Sheriff Broom and Deputy Sheriff McGehee. There is some dispute as to whether or not the third named defendant, the St. Tammany Parish Sheriff’s Office, is a legal entity. We need not decide this issue here because we are only concerned with the insured defendants. The St. Tammany Parish Sheriffs Office is not listed as an insured.