412 So.2d 379 (1982)
KINGS POINT WEST, INC., Appellant,
v.
NORTH RIVER INSURANCE COMPANY, Appellee.
No. 81-807.
District Court of Appeal of Florida, Second District.
January 27, 1982.
Rehearing Denied April 2, 1982.
John T. Blakely of Johnson, Blakely, Pope, Bokor & Ruppel, P.A., Clearwater, for appellant.
Thomas J. Roehn of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellee.
RYDER, Judge.
Kings Point West, Inc. appeals from a judgment adverse to its claim that appellee, *380 North River Insurance Company, wrongfully refused to defend a lawsuit. We reverse.
Appellant purchased insurance policies from appellee which provided coverage for claims of damage to interior furnishings in condominiums developed by appellant. In 1978, several condominium associations filed a joint class action against appellant (not the case at issue), alleging faulty roof construction, damage to the roofs, and water damage to the interiors and interior furnishings of the apartments. Appellant employed its own counsel and started to defend the suit. The plaintiffs in the class action suit filed a memorandum of law on December 2, 1978, which stated that all causes of action concern the common elements of the condominiums. The attorney for plaintiffs testified that he told the trial judge at a hearing in January 1975 that he was only prosecuting a claim for damages to the common elements.
On approximately February 2, 1979, counsel representing appellant learned of the existence of the insurance policies, and requested appellee to defend the suits. Other than to acknowledge the demand, appellee took no action. Prosecution of the suit continued with a filing of plaintiff's interrogatories on February 27, 1979, stating that the damages to each class member were to his proportionate share of the common elements. The depositions of unit owners filed also did not indicate any claim for damage other than to the common elements. But the class plaintiffs repled allegations of damages to interior furnishings in amended complaints filed June 5, 1979 and September 17, 1979. Appellant continued to defend the suit, and eventually settled all claims, including consequential damages by paying the sum of $170,575.00.
Appellant then began this action to recover costs of the defense. Appellee's defenses included the ground that the policies excluded coverage for damages due to appellant's own work or incurred in premises alienated by appellant. The court below found appellant had failed to prove that appellee wrongfully refused to defend, basing that ruling on the finding that at the time appellant demanded a defense, the lawsuit did not seek damages which were covered under the policy.
We hold that the lower court erred in looking beyond the allegations of the complaint to determine that a duty to defend did not arise below. The allegations of the complaint governed the duty of the insurer to defend. National Union Fire Insurance Co. v. Lenox Liquors, Inc., 358 So.2d 533 (Fla. 1977); West American Insurance Co. v. Silverman, 378 So.2d 28 (Fla. 4th DCA 1979), cert. denied, 389 So.2d 1117 (Fla. 1980); Accredited Bond Agencies, Inc. v. Gulf Insurance Co., 352 So.2d 1252 (Fla. 1st DCA 1977).
The Florida Supreme Court in National Union Fire Insurance Co. v. Lenox Liquors, Inc., supra, held that if coverage was not indicated by the allegations of the complaint, later stipulations filed in the action which indicate that insurance coverage would apply do not create a duty to defend. We hold that the reverse is also true. The later filings below, which tended to indicate that the damage claims pursued against appellant/insured were not covered by the insurance policy issued by appellee, do not defeat the duty to defend. Were this not the case, the indefiniteness as to whether the insurer should begin or should continue to defend a suit would create another major issue in many insurance lawsuits, placing insurer and insured on opposing sides. We think that result would not well serve either. With a duty to defend set by the initial pleading, each party knows his standing and need not examine every new document filed to determine if the claims may be focusing on noncovered damages.
The final judgment is REVERSED, and the case REMANDED for entry of judgment for appellant.
OTT, A.C.J., and DANAHY, J., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Although we deny appellee's motion for rehearing, certain allegations contained *381 therein point out appellee's misinterpretation of our opinion previously entered herein. We add the following paragraph to cure that ill:
This decision does not conflict with anything we said in Employers Commercial Union Insurance Company of America v. Kottmeier, 323 So.2d 605 (Fla. 2d DCA 1975), C.A. Fielland, Inc. v. Fidelity and Casualty Company of New York, 297 So.2d 122 (Fla. 2d DCA 1974), and The Garden Sanctuary, Inc. v. Insurance Company of North America, 292 So.2d 75 (Fla. 2d DCA 1974), because at the time appellee was requested to defend the suit, the claims for damage which would have been covered by the policy had not been clearly eliminated from the suit.
Motion for rehearing DENIED.
OTT, A.C.J., and RYDER and DANAHY, JJ., concur.