470 So.2d 810 (1985)
BARON OIL COMPANY, Appellant,
v.
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellee.
No. AR-437.
District Court of Appeal of Florida, First District.
June 12, 1985.
*811 Brent M. Turbow, Jacksonville, for appellant.
Karen K. Cole and Noah H. Jenerette, Jr. of Boyd, Jenerette, Staas, Joos, Williams & Felton, Jacksonville, for appellee.
ZEHMER, Judge.
Baron Oil Company appeals an adverse summary judgment in Baron's suit against its insurer, Nationwide Mutual Fire Insurance Company, for breach of contract arising out of Nationwide's refusal to defend and provide liability insurance coverage in a malicious prosecution action against Baron by one of its former employees on the ground that a policy exclusion applicable to employees applied.
The material facts are undisputed. Baron's exposure to liability arose when, following its investigation of inventory shortages, Baron discharged its employee William Jones for misconduct. Baron supplied information developed in its investigation to law enforcement authorities and filed a criminal complaint against Jones. As a result, Jones was arrested and charged with grand theft. The charges against Jones were dismissed because of insufficient evidence to warrant prosecution.
Jones then filed suit against Baron for malicious prosecution. The original complaint did not allege or otherwise indicate that Jones was ever an employee of Baron or that his status as an employee might have any significance or relationship whatsoever to the suit for malicious prosecution.[1] An amended complaint later filed by Jones alleged his employment relationship with Baron in the following language:
On and before November 29, 1980, Plaintiff, William Jones, was an employee of Defendant, Baron Oil Company, at its *812 station located at 3425 Myrtle Avenue, Jacksonville, Florida.
* * * * * *
The complaints so made and information so supplied [to law enforcement authorities] consisted of Defendant's accusation that Plaintiff stole or embezzled large sums of money from Defendant while employed by Defendant as above described... .
Upon receipt of the original complaint, Baron notified Nationwide of the suit and requested that Nationwide defend in accordance with the terms and conditions of the liability insurance policy. That policy provided Baron with general liability coverage for damages due to personal injury arising out of malicious prosecution. Regarding the duty to defend, the policy provided that Nationwide "shall have the right and duty to defend any suit against insured seeking damages on account of such personal injury even if any of the allegations of the suit are groundless, false or fraudulent." The policy also contained the following exclusion:
This insurance does not apply under the Personal Injury Liability Coverages:
* * * * * *
(c) To personal injury sustained by any person as a result of an offense directly or indirectly related to the employment of such person by the Named Insured.
Upon receipt of the original complaint, Nationwide, acting on information known to it apart from the allegations in the complaint, declined to provide defense of the action on the ground that the claim was not covered by its policy under the quoted exclusion in paragraph (c). Accordingly, Baron employed its own attorneys and defended the suit. After the amended complaint was filed, the action was tried and resulted in a judgment against Baron for $50,081 ($43,081 compensatory damages and $7,000 punitive damages), plus costs. Baron then demanded that Nationwide pay both the judgment and Baron's expenses in defending the action, including attorney's fees. Nationwide refused, and this suit was filed.
The court below concluded that the allegations in the original complaint against Baron were insufficient to determine whether Jones's action for malicious prosecution was directly or indirectly related to his employment by Baron and that there was no way to determine from the original complaint whether, in view of the exclusionary language, coverage existed. The court recited that Nationwide determined that the wrongful charge against Baron arose directly or indirectly out of Baron's employment of Jones and so notified Baron in ample time for Baron to secure its own attorney and present its own defense. These facts were likewise revealed in Jones's amended complaint. Finding that these facts clearly brought Jones's claim within exclusion (c), the court held that Nationwide had no obligation to provide coverage or defense, citing Tennessee Corp. v. Lamb Bros. Construction Co., 265 So.2d 533 (Fla. 2d DCA 1972), and entered summary judgment for Nationwide.
On appeal, Baron does not question the trial court's ruling that the actual facts as alleged in the amended complaint exclude coverage under the terms of subparagraph (c). Rather, Baron argues that the trial court erred in granting summary judgment because Nationwide's duty to defend must be determined solely from the allegations of the original complaint filed against Baron. The allegations in the original complaint clearly charged malicious prosecution within the general coverage provisions of the policy and did not allege any facts falling within the policy exclusion relating to employees. Baron contends that the duty to defend is broader than the duty to pay and that facts subsequently learned by investigation or amended pleadings indicating that the claim is not covered by the policy do not relieve the insurer from its obligation to defend. That being so, Baron argues, Nationwide was clearly obligated to defend on the basis of the original complaint, could not avoid this obligation by reliance on additional facts learned through its own investigation and allegations in the *813 amended complaint, and is legally obligated to reimburse Baron for the full amount of the personal injury judgment for Jones, plus Baron's costs and attorney's fees incurred in defending the entire action.
Nationwide, on the other hand, contends that the complaint was silent on Jones's employment by Baron, so that whether the exclusion applied could not be determined from the face of the complaint. Nationwide contends that in this circumstance the general rule that allegations in the complaint control is subject to an exception which recognizes the insurer's right to investigate the facts and determine its duty to defend. Alternatively, Nationwide contends that allegations in a subsequent complaint which clearly bring the alleged claim within a policy exclusion excuse the insurer from providing a defense.
Initially, we note there is no dispute about the fact that Jones was in the employ of Baron when the events giving rise to the criminal charges against Jones occurred. Nor has Baron's brief disputed the cases cited by Nationwide that the existence of this fact brings this case within the terms of the policy exclusion. Butler v. Michigan Mutual Insurance Co., 402 So.2d 949 (Ala. 1981); Binder v. McGehee, 393 So.2d 334 (La. App. 1981), cert. denied, 397 So.2d 1359 (La. 1981). We conclude, therefore, that under the true facts revealed by the amended complaint there is no coverage requiring Nationwide to indemnify Baron for the damages claimed by Jones. The critical question is whether Nationwide nevertheless had a duty to defend and, if so, the extent of Nationwide's liability to Baron for breach of that duty. In this regard we also take note that Baron's complaint does not charge Nationwide with bad faith.[2]
The rule is firmly established in Florida that a liability insurer's obligation to defend a claim made against its insured must be determined from the allegations in the complaint. E.g., National Union Fire Insurance Co. v. Lenox Liquors, Inc., 358 So.2d 533 (Fla. 1978); New Amsterdam Casualty Co. v. Knowles, 95 So.2d 413 (Fla. 1957); State Farm Mutual Automobile Insurance Co. v. Universal Atlas Cement Co., 406 So.2d 1184 (Fla. 1st DCA 1982); Kings Point West, Inc. v. North River Insurance Co., 412 So.2d 379 (Fla. 2d DCA 1982); Federal Insurance Co. v. Applestein, 377 So.2d 229 (Fla. 3d DCA 1979); St. Paul Fire & Marine Insurance Co. v. Thomas, 273 So.2d 117 (Fla. 4th DCA 1973). The reason for this rule is aptly stated in Kings Point West, Inc.:
The Florida Supreme Court in National Union Fire Insurance Co. v. Lenox Liquors, Inc., supra, held that if coverage was not indicated by the allegations of the complaint, later stipulations filed in the action which indicate that insurance coverage would apply do not create a duty to defend. We hold that the reverse is also true. The later filings below, which tended to indicate that the damage claims pursued against appellant/insured were not covered by the insurance policy issued by appellee, do not defeat the duty to defend. Were this not the case, the indefiniteness as to whether the insurer should begin or should continue to defend a suit would create another major issue in many insurance lawsuits, placing insurer and insured on opposing sides. We think that result would not well serve either. With a duty to defend set by the initial pleading, each party knows his standing and need not examine every new document filed to determine if the claims may be focusing on noncovered damages.
412 So.2d at 380. The "later filings" referred to were depositions and other discovery documents that tended to establish a lack of coverage; but an amended complaint later filed contained the same allegations as the original complaint, which stated a claim within the coverage.
The duty to defend is distinct from and broader than the duty to indemnify the insured against damages assessed, and if the complaint alleges facts showing *814 two or more grounds for liability, one being within the insurance coverage and the other not, the insurer is obligated to defend the entire suit. State Farm Mutual Automobile Insurance Co. v. Universal Atlas Cement Co., 406 So.2d 1184; Florida Farm Bureau Mutual Insurance Co. v. Rice, 393 So.2d 552 (Fla. 1st DCA 1980); Tropical Park, Inc. v. United States Fidelity & Guaranty Co., 357 So.2d 253 (Fla. 3d DCA 1978); Stevens v. Horne, 325 So.2d 459 (Fla. 4th DCA 1976); Garden Sanctuary, Inc. v. Insurance Company of North America, 292 So.2d 75 (Fla. 2d DCA 1974). Hence, the duty to defend continues even though it is ultimately determined that the alleged cause of action is groundless and no liability is found within the policy provisions defining coverage. New Amsterdam Casualty Co. v. Knowles, 95 So.2d 413; Logozzo v. Kent Insurance Co., 464 So.2d 605 (Fla. 3d DCA 1985); Accredited Bond Agencies, Inc. v. Gulf Insurance Co., 352 So.2d 1252 (Fla. 1st DCA 1978); State Farm Mutual Automobile Insurance Co. v. Universal Atlas Cement Co., 406 So.2d 1184; Stevens v. Horne, 325 So.2d 459; Garden Sanctuary, Inc. v. Insurance Company of North America, 292 So.2d 75; 7C Appleman, Insurance Law & Practice, § 4683.01, p. 65 (Berdal Ed. 1979). If the allegations of the complaint leave any doubt regarding the duty to defend, the question must be resolved in favor of the insured requiring the insurer to defend. New Amsterdam Casualty Co. v. Knowles, 95 So.2d 413; 7C Appleman, Insurance Law & Practice, § 4683, p. 58 (Berdal Ed. 1979).
In the instant case the original complaint alleged facts falling within the defined coverage under the policy provisions and did not contain any allegations of fact that fell within the policy exclusion relied on by Nationwide. Accordingly, Nationwide had a clear-cut duty to defend Baron upon the filing of the original complaint, irrespective of the true facts. Tropical Park, Inc. v. United States Fidelity & Guaranty Co., 357 So.2d 253; Accredited Bond Agencies, Inc. v. Gulf Insurance Co., 352 So.2d 1252; Logozzo v. Kent Insurance Co., 464 So.2d 605; St. Paul Fire & Marine Insurance Co. v. Thomas, 273 So.2d 117; 7C Appleman, Insurance Law & Practice, § 4683, p. 52, and § 4683.01, p. 65 (Berdal Ed. 1979). It is perfectly clear, therefore, that information learned through Nationwide's own investigation that Jones was an employee of Baron at the time the cause of action arose was legally insufficient to relieve Nationwide of the obligation to defend. When the actual facts are inconsistent with the allegations in the complaint, the allegations in the complaint control in determining the insurer's duty to defend. National Union Fire Insurance Co. v. Lenox Liquors, Inc., 358 So.2d 533; Federal Insurance Co. v. Applestein, 377 So.2d 229. "Thus, the `actual facts' of the situation are not pertinent to the issues involved in the case before us." Federal Insurance Co. v. Applestein, 377 So.2d at 233. See also, Capoferri v. Allstate Insurance Co., 322 So.2d 625 (Fla. 3d DCA 1975).
Next, we must consider whether Nationwide was later excused from defending by reason of the amended complaint's allegations of Jones's employment with Baron, notwithstanding the clear-cut rule quoted from Kings Point West, Inc. v. North River Insurance Co., supra, pp. 813-814. The rule is well established that where the complaint alleges facts that clearly do not fall within the policy liability coverage provisions and the insurer nevertheless assumes the defense of the action, the insurer may conduct an investigation and, upon determining the true facts and concluding no coverage exists, may withdraw its defense of the action against the insured without having waived its rights and defenses as to coverage. Consolidated Mutual Insurance Co. v. Ivy Liquors, Inc., 185 So.2d 187 (Fla. 3d DCA 1966); Capoferri v. Allstate Insurance Co., 322 So.2d 625; Stevens v. Horne, 325 So.2d 459. Similarly, where the original complaint fails to allege facts within the policy coverage, if it later becomes apparent from an amended pleading that claims not originally within the scope of the pleadings are *815 being made which are within the insurance coverage, the insurance carrier, upon notification, would become obligated to defend. C.A. Fielland, Inc. v. Fidelity & Casualty Co. of New York, 297 So.2d 122 (Fla. 2d DCA 1974); St. Paul Fire & Marine Insurance Co. v. Hodor, 200 So.2d 205 (Fla. 3d DCA 1967).
Once the insurer's duty to defend arises, it continues throughout the case unless it is made to appear by the pleadings that the claims giving rise to coverage have been eliminated from the suit. Ordinarily this situation would arise in those cases where a portion of the claim is covered and a portion of the claim is excluded from coverage. In C.A. Fielland, Inc. v. Fidelity & Casualty Co. of New York, 297 So.2d 122, the rule was stated as follows:
Even though only a portion of a claim made against an insured is within the liability coverage, the insurance carrier has the duty to defend the entire action, at least until such time as the covered portions of the claim have been eliminated from the suit.

297 So.2d at 127 (emphasis added). The quoted statement is only dictum in that case, but we believe that it comports with logic and reason and is the appropriate rule for deciding the question before us.
An insurer obviously can have the court determine its obligation to defend by filing a declaratory judgment action. Caldwell v. Allstate Insurance Co., 453 So.2d 1187 (Fla. 1st DCA 1984); Accredited Bond Agencies, Inc. v. Gulf Insurance Co., 352 So.2d 1252. Such an action is the preferable means for deciding the question, but that is not to say it is the sole means by which the duty to defend may be terminated. It is the general rule that an original pleading is superseded by an amendment of it which does not express an intention to save any portion of the original pleading. Commercial Garden Mall v. Success Academy, Inc., 453 So.2d 934 (Fla. 4th DCA 1984); Rice v. Clement, 184 So.2d 678 (Fla. 4th DCA 1966); Shannon v. McBride, 105 So.2d 16 (Fla. 2d DCA 1958). Consequently, when an original complaint has been superseded by an amended complaint, the original complaint can no longer furnish a basis for determining the insurer's duty to defend. Alabama Farm Bureau Mutual Casualty Insurance Co. v. Harris, 279 Ala. 326, 184 So.2d 837 (1966); 7C Appleman, Insurance Law & Practice, § 4683, p. 57 (Berdal Ed. 1979). It follows, therefore, that where an amended complaint alleges facts that clearly bring the entire cause of action within a policy exclusion, and the amended complaint contains no additional counts or causes of action which show coverage, the allegations in the amended complaint control and the insurer's duty to defend comes to an end.
There is no doubt that Nationwide was under a duty to defend this action as originally filed. The facts alleged demonstrated coverage and did not fall within the policy exclusion. Nationwide's duty to defend continued until the amended complaint was filed, which alleged facts falling within the exclusion. Since the amended complaint alleged only a single cause of action, it became perfectly clear at that point that plaintiff's entire claim was based on events which fell within the policy exclusion. Since no other cause of action covered by the policy remained in the amended complaint, Nationwide's duty to defend terminated at that point.
We find nothing inconsistent between this rule and the rule stated in Kings Point West, Inc. v. North River Insurance Co., 412 So.2d 379, 380, quoted supra, pp. 813-814. In that case, unlike this, the amended pleadings continued to allege acts showing coverage even though the facts discovered tended to exclude coverage.
Nationwide urges that we apply Tennessee Corp. v. Lamb Bros. Construction Co., 265 So.2d 533, to the facts of this case, as did the court below, and affirm the ruling that the initial complaint was sufficiently ambiguous in its allegations to require reference to the actual facts for determination of the duty to defend. We decline to do so. In the first place, we find no ambiguity in the allegations of the original *816 complaint such as would require us to go beyond the face of that complaint to determine the duty to defend. Secondly, we do not believe the decision in that case should be construed as broadly as Nationwide would have us do. In reviewing the insurer's duty to defend, the court in that case compared the allegations of the complaint with the policy provisions and concluded that ambiguities in the allegations made it impossible to determine whether coverage did or did not exist. The court thereupon remanded the matter to the trial court for an evidentiary hearing and determination of the actual facts necessary to resolve the coverage issue. No decisions were cited for this novel resolution of the issue, and it appears that the court may have confused the question of deciding coverage with the question of deciding the duty to defend. Unless that decision is closely limited to its facts, it appears to be somewhat inconsistent with the general rule that the allegations of the complaint are controlling and, if ambiguous, must be construed most favorably to the insured to establish the duty to defend. E.g., National Union Fire Insurance Co. v. Lenox Liquors, Inc., 358 So.2d 533; New Amsterdam Casualty Co. v. Knowles, 95 So.2d 413.
The summary judgment is reversed and the case is remanded for determination of Baron's damages attributable to Nationwide's refusal to defend the case from the filing of the original complaint to the filing of the amended complaint. The damages shall include only the costs of defending the suit and shall not include the amount of the judgment obtained by Jones against Baron. See, Town and Beach Plumbing Co. v. American Fire & Casualty Co., 157 So.2d 700 (Fla. 3d DCA 1963); C.A. Fielland, Inc. v. Fidelity & Casualty Co. of New York, 297 So.2d 122.
REVERSED and REMANDED.
SHIVERS and THOMPSON, JJ., concur.
NOTES
[1] The material allegations appeared in paragraph 4 of the complaint:

4. During the period between November 29, 1980, and December 3, 1980, Defendant, Baron Oil Company, acting through its agents, servants or employees, did maliciously and willfully, and without probable cause, make complaints and supply information to the Sheriff of Duval County, Florida, or his authorized deputies, for the intended purpose of procuring and commencing proceedings for the arrest and criminal prosecution of the Plaintiff.
[2] Cf., Caldwell v. Allstate Insurance Co., 453 So.2d 1187 (Fla. 1st DCA 1984).