PER CURIAM.
We reverse a summary judgment holding the New Hampshire Insurance Company liable to its insured, Florida Orthopedics, Inc., for the cost of Orthopedics’ defense against a suit brought against Orthopedics by its former employee. We agree with New Hampshire that the policy it issued to Orthopedics, which, inter alia, states that: “[t]his policy does not apply ... to personal injury sustained by any person as a result of an offense directly or indirectly related to the employment of such person by the named insured,” imposed no duty upon New Hampshire to provide Orthopedics with a defense to the former employee’s action where the allegations of the complaint against Orthopedics plainly show that the causes of action — for defamation, intentional interference with business relationships, and like torts — are, at least indirectly, related to the former employee’s employment by Orthopedics. Compare Baron Oil Co. v. Nationwide Mutual Fire Insurance Co., 470 So.2d 810 (Fla. 1st DCA 1985). See also Butler v. Michigan Mutual Insurance Co., 402 So.2d 949 (Ala. 1981).
Reversed.