VILLANTI, J.,
Concurring.
I reluctantly concur in the decision to dismiss this petition, but only because I find it to be prematurely filed. Were this petition not premature, I would grant it and quash the trial court’s order because it departs from the essential requirements of the law.
At the close of the hearing on the Archers’ motion to compel, the trial court told counsel for Allstate that he could “tag the [documents] that you deem work product and make a log like you do in any privilege[] situation.” The court also advised counsel for Allstate that it would examine the “tagged” documents in camera upon Allstate’s request and make a ruling before the deposition. At that point, the court had not ordered the production of any privileged material or required Allstate’s claims adjuster to answer any particular question.
Rather than following this procedure, Allstate filed this petition. However, because the order at issue does not actually order the production of any privileged materials or information, it does not result in any irreparable harm to Allstate. In the absence of an order resulting in irreparable harm, this petition is premature.
But for this prematurity, I would grant the petition and quash the order. Despite the trial court’s comments to the contrary, the law does require that the issues of coverage and duty to defend be determined based solely on the allegations of the complaint against the insured. As the supreme court has explained,
It is well settled that an insurer’s duty to defend its insured against a legal action arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage. State Farm Fire & Cas. Co. v. CTC Dev. Corp., 720 So.2d 1072, 1077 n. 3 (Fla.1998); see also Nat'l Union Fire Ins. Co. v. Lenox Liquors, Inc., 358 So.2d 533, 535 (Fla.1977). The duty to defend must be determined from the allegations in the complaint. See, e.g., Nat. Union Fire Ins. Co. v. Lenox Liquors, Inc., 358 So.2d 533, 535 (Fla.1977); Biltmore Constr. Co. v. Owners Ins. Co., 842 So.2d 947, 949 (Fla. 2d DCA 2003); McCreary v. Fla. Residential Prop. & Cas. Joint Underwriting Ass’n, 758 So.2d 692, 695 (Fla. 4th DCA 1999); Baron Oil Co. v. Nationwide Mut. Fire Ins. Co., 470 So.2d 810, 813 (Fla. 1st DCA 1985).
The duty to defend is of greater breadth than the insurer’s duty to indemnify, and the insurer must defend even if the allegations in the complaint are factually incorrect or meritless. See, e.g., Sunshine Birds & Supplies, Inc. v. United States Fid. & Guar. Co., 696 So.2d 907, 910 (Fla. 3d DCA 1997); Baron Oil, 470 So.2d at 814. Indeed, *928 “[w]hen the actual facts are inconsistent with the allegations in the complaint, the allegations in the complaint control in determining the insurer’s duty to defend." Baron Oil, 470 So.2d at 814; see Marr Invs. Inc. v. Greco, 621 So.2d 447, 449 (Fla. 4th DCA 1993); Irvine v. Prudential Prop. & Cas. Ins. Co., 630 So.2d 579, 579-80 (Fla. 3d DCA 1993) (“The duty is determined solely by the allegations against the insured, not by the actual facts, nor the insured’s version of the facts.”).
Jones v. Fla. Ins. Guar. Ass’n, 908 So.2d 435, 442-43 (Fla.2005) (emphasis added).
Here, the Archers admit that the allegations in their complaint are insufficient to trigger either coverage or a duty to defend, and the law provides that those allegations control regardless of any “actual facts” that might otherwise exist. In my opinion, that should have been the end of the story. However, since the standard of review for a petition for writ of certiorari does not include considerations of futility of purpose, I must concur in the dismissal of this petition.