W. JONES,
dissenting.
I respectfully dissent from the majority Opinion. It is my opinion that there is no coverage under the commercial general liability policy issued by Employers Mutual Casualty Company (“EMC”) to Rimar Construction, Inc. (“RCI”) for the costs and attorney’s fees awarded to the Donnellys *509 against RCI in the underlying action, David and Kathy Donnelly v. Rimar Construction, Inc., case number CV 2006-0445.
With respect to the coverage issue regarding costs and attorney’s fees in the underlying action, the case is complicated by the fact that this was a “mixed action.” See Prichard v. Liberty Mut. Ins. Co., 84 Cal.App.4th 890, 101 Cal.Rptr.2d 298, 300 (2000) (Defining a “mixed action” as one where “the suit against the policyholder includes at least one claim that was potentially covered and therefore triggered the duty to defend.”). There is no dispute between the parties that there is no coverage for damages arising from contract claims. The complaint in the underlying action also alleged negligence, seeking damages for personal injury and injury to property not the subject of the contract for remodel of portions of the Donnellys’ home. There is no dispute that damages resulting from personal injury or property damage to property outside the area of construction would be covered under the policy issued by EMC. Because the underlying suit included two claims that were potentially covered as well as some that were not, it was a “mixed action.”
“An insurer’s ‘duty to defend arises upon the filing of a complaint whose allegations, in whole or in part, read broadly, reveal a potential for liability that would be covered by the insured’s policy.’ ” Cnty. of Boise v. Idaho Counties Risk Mgmt. Program, Underuniters, 151 Idaho 901, 904, 265 P.3d 514, 517 (2011) (quoting Hoyle v. Utica Mut. Ins. Co., 137 Idaho 367, 371-72, 48 P.3d 1256, 1260-61 (2002)). It is well-settled law that the duty to defend under a CGL policy is broader than the duty to indemnify. Idaho Counties Risk Mgmt. Program Underwriters v. Northland Ins. Cos., 147 Idaho 84, 88, 205 P.3d 1220, 1224 (2009). In a mixed action, an insurer has no contractual duty to defend those specific claims that are not even potentially covered. See Aerojet-Gen. Corp. v. Transp. Indem. Co., 948 P.2d 909, 921 (Cal.1997). However, the insurer does have a duty imposed by law to defend the entire action, so as not to interfere with its defense of claims that may be covered. See id.; Tibert v. Nodak Mut. Ins. Co., 816 N.W.2d 31, 42 (N.D.2012); Evanston Ins. Co. v. Legacy of Life, Inc., 370 S.W.3d 377, 380 (Tex.2012); Maxwell v. Hartford Union High Sch. Disk, 341 Wis.2d 238, 814 N.W.2d 484, 496 (2012); Shoshone First Bank v. Pac. Emp’rs Ins. Co., 2 P.3d 510, 514 (Wyo.2000). In the present case, therefore, if damages were recovered by the Donnellys for personal injury or property damage that was not merely economic loss, EMC had a duty to defend RCI from all causes of action raised in the complaint. Since damages for personal injury and injury to the property surrounding the addition were clearly alleged in the complaint, there is no question that EMC had a duty to defend this action.
An insurer’s duty to defend a mixed action ceases at the point where all of the potentially covered claims have been dismissed from the case. See Aetna Cas. & Sur. Co. v. Mut. of Enumclaw Ins. Co., 121 Idaho 603, 607, 826 P.2d 1315, 1319 (1992) (Defense duty “continues until such time as the insurer can show that the claim against the insured cannot be said to fall within the policy’s scope of coverage.”); Baron Oil Co. v. Nationwide Mut. Fire Ins. Co., 470 So.2d 810, 815 (Fla. Dist.Ct.App.1985); Soc’y Ins. v. Bodart, 343 Wis.2d 418, 819 N.W.2d 298, 302 (App.2012). Until such time, however, EMC had a duty to defend this case. EMC not only discharged this duty, but also prudently filed a declaratory judgment action to resolve its coverage dispute with RCI. See Hoyle v. Utica Mut. Ins. Co., 137 Idaho 367, 371, 48 P.3d 1256, 1260 (2002). This action was assigned its own number and is completely independent from the underlying action, case number CV 2006-0445. This declaratory action, however, was assigned to the same judge, the Honorable Steve Verby, as the underlying action. Judge Verby stayed further proceedings in this action over the objection of EMC pending the resolution of the underlying construction-defect dispute, likely because it was not known at that point whether the Donnellys would be able to prove their allegations of personal injury or damage to property surrounding the addition. EMC was trying to seek an early determination regarding the uncovered claims so that it could cease any further defense in the underling action. Having been denied that opportunity, EMC was thus placed between a rock and a hard *510 place. On the one hand, if it denied coverage while the complaint continued to allege potentially covered damages, if it were eventually determined there were such damages, EMC would subject itself to claims of breach of contract, bad faith, and punitive damages. See generally Myers v. Workmen’s Auto Ins. Co., 140 Idaho 495, 511, 95 P.3d 977, 993 (2004). By continuing with the defense, however, it ended up subjecting itself to claims for costs and attorney’s fees by reason of the supplemental payments provision of its insurance policy, or so at least the majority holds. Under the circumstances of this particular ease, including the insurance policy itself, I disagree with the conclusion of the majority.
I think the proper analysis in this case is to determine whether EMC’s defense of the case was pursuant to its “duty” under the policy and the law and whether any “covered claims” were determined in favor of the Donnellys. Once there was a final determination that Donnellys failed to recover on any “covered claims,” the duty to defend ceased, as did any claim by RCI for indemnity, either for damages or for costs and fees awarded against RCI. The eventual determination that there were no covered damages necessarily means that there never were any covered claims. This fact was merely not determined until the end of the underlying action. That the district court was not able to make a ruling in this action until the jury in the underlying action determined that there were no covered claims should not create coverage that would not otherwise exist for attorney’s fees and costs.
Most importantly, the policy itself establishes that there is no coverage for costs and attorney’s fees in cases in which no covered damages are awarded against the insured. The policy provides three coverages: Coverage A for bodily injury and property damage, Coverage B for personal and advertising injury, and Coverage C for medical payments. Those are the only “coverages” provided by the policy. There is, however, a provision for “supplementary payments” to Coverages A and B. That provision states:
we will pay, with respect to any clam we investigate[1] or settle, or any ‘suit’ against an insured we defend;
(a) All expenses we incur [and]
(e) All costs taxed against the insured in the “suit.”
The term “suit” is a defined term. It is defined as “a civil proceeding in which damages because of ‘bodily injury,’ ‘property damage’ or ‘personal advertising injury’ to which this insurance applies are alleged.” (Emphasis added.) It is important to note it does not say a suit is a civil proceeding in which damage from bodily injury or property damage is alleged, but only damages from bodily injury or property damage to which this insurance applies is alleged. It is beyond question that the insurance did not apply to this suit because there were no damages awarded that were covered under Coverages A, B, or C to which the insurance applied. It is incomprehensible how “supplementary payments” to Coverages A and B could apply when there is no coverage under Coverages A or B. Black’s Law Dictionary defines “supplemental” as “that which is added to a thing ... to complete it.” What can be “added” to a coverage that does not exist?
The district court and the majority rely on Mutual of Enumclaw v. Harvey, 115 Idaho 1009, 772 P.2d 216 (1989), which is readily distinguishable. The Harvey policy did not contain language in a “supplementary payments” section providing the company would pay “all costs taxed against the insured in any suit defended by the company.” Instead, it provided “supplementary coverage ” for costs taxed against the insured. Id. at 1012, 772 P.2d at 219 (emphasis added). Here, there was no “coverage,” supplemental or otherwise, for costs taxed against the insured, but only a supplementary payment in the event that there was coverage under Coverages A or B, which there was not. Additionally, the policy in Harvey did not contain the language contained in the EMC policy defining a “suit” as a civil proceeding “in which damages to which this insurance *511 applies are alleged.” Both of those distinguishing factors make Harvey irrelevant to the decision in the present case.
This case would be more properly decided under State Farm General Insurance Co. v. Mintarsih, 175 Cal.App.4th 274, 95 Cal.Rptr.3d 845 (2009). That case was also a mixed-coverage ease in which State Farm defended, as EMC did here, under a Reservation of Rights. In the present case, EMC clearly issued a Reservation of Rights letter to its insured, RCI, stating that although it would defend the case under its duty-to-defend obligation, it reserved all claims for indemnity, which obviously would also include indemnity for any costs and attorney’s fees, until the coverage issues were sorted out. RCI never objected to that Reservation of Rights and indeed hired its own counsel to appear on its own behalf and in its own defense of the Donnellys’ lawsuit. There is no evidence that EMC even controlled the defense in the underlying action because RCI’s independent counsel fully participated. Such joint defense is clearly an acquiescence to the Reservation of Rights letter issued by EMC. Like the EMC policy in the present case, the State Farm policy in Mintarsih provided that it would pay costs on suits in which the company defended the insured. Id. at 849. The court, however, concluded that the obligation to pay a cost award could arise only if the insurer had a “duty” to defend the insured. See id. at 854. The court held that an insured could not reasonably expect the insurer to pay costs awarded against the insured in a suit in which there was no coverage for any of the claims. See id. at 854-56. This conclusion makes good sense. If, every time an insurer defended under a reservation of rights and was later found not to have a duty to defend, the insurer was nonetheless obliged to pay costs taxed against the insured, then insurers would be skittish in providing a defense whenever coverage was in doubt.
It has clearly been determined that Donnellys recovered no damages covered by any provision of the EMC policy. Since it is clear under the policy that there is no “coverage” for any damages awarded against the insured, there can clearly be no “supplementary payments” for costs and fees when it is established there is no coverage for damages awarded in the lawsuit. To hold otherwise unjustifiably places EMC squarely between a rock and a hard place. Under the majority’s opinion, an insurer is forced either to refuse to defend its insured, even when the duty to defend is obvious (thereby subjecting itself to potential bad faith claims for punitive damages and breach of contract) or to surrender its rights under its policy by agreeing to defend a claim ultimately determined not to be covered by the policy (which, under the majority’s reasoning, would subject it to costs and fees taxed against the insured). This whole problem relates back to the inability to resolve the declaratory action early on, because the question of coverage rested on disputed factual issues that were determined only upon the conclusion of the trial in the underlying action. EMC’s only reasonable alternative was to issue its Reservation of Rights letter, thereby preserving the issue of coverage until it could be determined, which it later was, that there was no coverage since the Donnellys failed to prevail on a covered claim.