[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14599
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-20581-DPG

FOREMOST SIGNATURE INSURANCE, MI,

Plaintiff-Appellee,

versus

Silverboys, LLC, et al.,

Defendants,

SOJO DESIGN, LLC,
SOFIA JOELSSON,
XAVIER COE,
a.k.a. Chayanne Coe,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 4, 2019)

Before MARCUS, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Sojo Design, LLC ("Sojo"), an architectural design firm, appeals from the district court's order of summary judgment in a declaratory action brought by Foremost Signature Insurance, which sought to establish that it owed Sojo no duty to defend it in a state court case. The district court granted summary judgment to Foremost, concluding that Foremost owed no duty to defend Sojo from the claims made in the state court complaint because they fell outside Foremost's policy coverage. Sojo timely appealed to us. In the interim period, however, the underlying state court complaint was voluntarily dismissed by the parties. Accordingly, we conclude that this case is moot, vacate the district judge's order, and order the case dismissed.

Sojo, an architectural design firm based in Miami, Florida, rendered design services to Silverboys, LLC, relating to a vacation home owned by the company in the Bahamas. The project did not go well. Silverboys subsequently brought suit against Sojo in the Eleventh Judicial Circuit of Florida, which encompasses Miami-Dade County, on July 26, 2016, alleging a number of claims sounding in tort. In response, Sojo tendered the complaint to Foremost, its insurer, which defended Sojo under a reservation of rights. Sojo does not appear to have incurred any litigation costs during the state court proceeding.

2

However, Foremost believed that the claims made by Silverboys against Sojo fell outside the scope of the insurance policy it issued Sojo. Accordingly, it filed a declaratory judgment in the Southern District of Florida on February 15, 2017, seeking to establish that it owed Sojo no duty to defend them in the state-court case. The district court agreed and granted Foremost summary judgment on September 11, 2018. Sojo timely appealed to us.

Before the parties filed briefs, however, Sojo moved on February 27, 2019, to remand the appeal to the district court on a limited basis and to stay the briefing schedule. Apparently, the plaintiffs in the state court litigation sought to amend their complaint, which Sojo argued could render the appeal moot. Before we reached a decision on Sojo's motion, the situation became murkier. On April 15, 2019, the parties in the state court case agreed to a voluntary dismissal, which was accepted by the judge. In response, we issued the parties an order to show cause, specifically asking them to address what impact the voluntary dismissal had on Sojo's motion and on the appeal generally.

Foremost argued that the dismissal had no effect on the case and that the district court's ruling "remains viable and important" and the appeal "continues to present an actual and live controversy." Sojo, on the other hand, contended that "[t]here is no reasonable doubt that the Underlying Plaintiff plans to file its proposed amended complaint as a new action under a new case number," and that

3

under Florida law, Foremost's duty to defend Sojo needed to be re-evaluated on the basis of that complaint. Accordingly, Sojo requested that we abate this appeal until the new complaint was filed; if Foremost continued to deny coverage at that point, Sojo indicated that it would request that we remand the case back to the district court. Ultimately, we denied Sojo's motion without prejudice and allowed the appeal to continue.

After the briefs were filed, however, we asked the parties to address a set of discrete questions surrounding the potential mootness of the instant case. Specifically, we asked the parties whether Foremost defended Sojo under a reservation of rights; whether Sojo incurred any litigation costs during the defense; and the impact of the aforementioned on mootness. The parties timely filed supplemental letter briefs to that effect. Sojo informed us that Foremost had defended it under a reservation of rights and that it had incurred no "substantial" costs in defending itself, but that in so doing, Sojo exhausted a separate insurance policy issued by Underwriters at Lloyd's London by Hiscox, Inc. It informed us that another complaint had been filed against them in the Southern District of Florida by the same plaintiffs, and that Foremost's duty to defend it in that case was a separate legal question. It argued that the case was moot, but made no effort to withdraw its appeal.

In response, Foremost argued that the case was not moot. We read

4

Foremost's letter brief as suggesting that Sojo's exhaustion of its Hiscox policy in connection with Foremost's defense of the state court case saves the case from mootness because, if we reversed the district court's order, Sojo would have a legal claim against Foremost. Secondarily, and more clearly, Foremost argued that because a new complaint had been filed in federal court, this case still presented a live controversy because it practically determined Foremost's duty to defend Sojo in the present litigation.

After both considering the parties' arguments and reviewing the record, we determine that the voluntary dismissal of the original state court complaint renders this case moot for three reasons: (1) Sojo does not appear to have paid any out-of-pocket costs in defending the state court complaint; (2) the exhaustion of Sojo's insurance policy provided by Hiscox is outside the record and cannot be considered by us; and (3) our resolution of this case would not determine Foremost's duty to defend Sojo in the still-pending federal case because the duty to defend under Florida law is governed by the specific allegations in each complaint. Each is addressed in turn.

First, based on the undisputed factual assertions in both letter briefs, the parties appear to concede that Sojo did not expend any out-of-pocket expenses in defending the dismissed state court action because Foremost defended the action, even after the district court's order, under a reservation of rights. Had this not been

the case—that is, had Sojo paid any costs out of pocket—it would have been "entitled to a full reimbursement" of its litigation costs under Florida law. BellSouth Telecomms., Inc. v. Church & Tower of Fla., Inc., 930 So.2d 668, 670–71 (Fla. 3d DCA 2006).  But this is not the case.  Accordingly, even if we reversed the district court's order, it would not provide Sojo with a legal right—e.g., a right to reimbursement—to which it would otherwise be entitled.

Second, the exhaustion of the Hiscox insurance policy is outside the record and we cannot consider it.  There is no mention in any of the original filings—or, indeed, anywhere else in the record—of the Hiscox policy.  It may be possible that the wrongful exhaustion of an insurance policy, especially if done while in breach of a duty to defend, might grant a party in Sojo's position a claim against a wrongful party in Foremost's position.  But we need not decide whether Sojo has such a claim under either Florida or federal law because the existence of the Hiscox policy, much less its exhaustion, is wholly outside the record.  The Supreme Court is clear that "[w]here it appears on the face of the record that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward."  Lewis v. Continental Bank Corp., 494 U.S. 472, 480 (1990) (emphasis added).  In the usual case, "reasonable caution" includes limiting review of a case to the material contained in the record.  See id.

6

Accordingly, the Court's "ordinary practice in disposing of a case that has become moot on appeal is to vacate the judgment with directions to dismiss." Id. at 482 (citations omitted). "However, in instances where the mootness is attributable to a change in the legal framework governing the case, and where the plaintiff may have some residual claim under the new framework that was understandably not asserted previously, our practice is to vacate the judgment and remand for further proceedings in which the parties may, if necessary, amend their pleadings or develop the record more fully." Id.

We conclude that dismissal, rather than remanding to the district court to fully determine the effect of the Hiscox policy's exhaustion on mootness, is the appropriate course of action for two reasons. First, neither party is presently seeking a remand to the district court on this ground. Second, and more relevantly, we conclude that the exception to the "ordinary practice" detailed by the Supreme Court in Lewis is inapplicable here. Unlike in Lewis, the parties here—more specifically, Sojo—certainly would have known prior to the pendency of this appeal that the Hiscox policy was exhausted. Indeed, it appears from the letter briefs that the Hiscox policy was exhausted relatively early in the state court litigation and did so at least several years ago. The parties have had ample opportunity before the district court to fully develop the record in this regard. Their failure to do so cannot now be used as a defense against mootness.

7

Accordingly, the concerns raised by the Court in Lewis do not counsel a remand here.

Third, nothing we do in this appeal will have any effect on Foremost's duty to defend Sojo against the still-pending litigation. To the extent that Foremost argues otherwise, it is incorrect. Florida courts have uniformly that "[t]he duty to defend must be determined from the allegations in the complaint." Jones v. Fla. Ins. Guar. Ass'n, 908 So.2d 435, 443 (Fla. 2005). These are not hollow words. Florida courts have logically extrapolated from this holding that the determination of an insurer's duty to defend one complaint has no impact on their duty to defend another, different complaint. Where more than one complaint has been filed, "the original complaint can no longer furnish a basis for determining the insurer's duty to defend." Baron Oil Co. v. Nationwide Mut. Fire Ins. Co., 470 So.2d 810, 815 (Fla. 1st DCA 1985). Accordingly, Florida law provides that courts look to the current underlying complaint. Id.

This is because "[t]he duty to defend depends solely on the facts and legal theories alleged in the pleadings and claims against the insured." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1275 (11th Cir. 2008) (quoting Nova Casualty Co. v. Waserstein, 424 F. Supp. 2d 1325, 1332 (S.D. Fla. 2006)). The actual facts of the underlying conduct "are not pertinent," Baron Oil, 470 So.2d at 814, because the relevant question is whether the relevant complaint

8

"alleges facts which fairly and potentially bring the suit within policy coverage,"

Lime Tree Village Community Club Ass'n v. State Farm Gen. Ins. Co., 980 F.2d

1402, 1405 (11th Cir. 1993), "even if the later true facts show there is no

coverage." Trizec Properties, Inc. v. Biltmore Const. Co., 767 F.2d 810, 811 (11th

Cir. 1985) (citation omitted) (emphasis added).

Accordingly, what matters is not, as Foremost incorrectly argues, the actual

underlying conduct, but the underlying conduct as alleged by the pending

complaint. That the voluntarily dismissed state court case and the presently filed

federal case roughly revolve around the same chain of events is irrelevant to

determining Foremost's duty to defend Sojo.

Therefore, the relevant question is whether the federal complaint alleges the

same conduct and raises the same claims as the state court complaint. If it does,

we might reasonably determine, based on res judicata and Florida law, that our

determination of Foremost's duty to defend against the state court complaint also

determines its duty to defend against the federal complaint. An even cursory

evaluation of the federal complaint shows that it alleges different facts and legal

claims than the state court complaint. Though the federal complaint has not been

made part of the record before us, we can reasonably take judicial notice of it as a

public record under Federal Rule of Evidence 201(b)(2). See Rothman v. Gregor,

220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of complaint as public

9

record).

The state court complaint factually alleged that Sojo failed to supervise its contractors and fraudulently charged Silverboys for its design of Silverboys' beachside home. It alleged claims of breach of contract, professional negligence, conversion, negligence, fraud in the inducement, fraudulent misrepresentation, and negligent misrepresentation. But the federal complaint alleges something quite different, though nonetheless derived from the same chain of events. The federal complaint alleges a wide-ranging criminal conspiracy predicated on money laundering and a de facto cabal of renegade design companies conspiring to inflate prices, and includes fourteen additional defendants not named in the state court complaint. It alleges as substantive counts a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), conspiracy to violate RICO, fraud, aiding and abetting fraud, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, civil conspiracy, breach of contract, conversion, and violation of the Florida Deceptive and Unfair Practices Act; seeks to invoke successor liability; and requests an accounting.

In other words, the state and federal court complaints are extremely different. This isn't a matter of the plaintiffs copying and pasting their state court complaint into a federal complaint and filing it with no changes; this is an entirely different complaint based on entirely different facts and alleging entirely different

10

claims.  Though technically based on the same linear chain of events, it appears that Silverboys' understanding of the events has significantly broadened since filing the state court complaint.  It would be manifestly unfair to conclude, therefore, that the two complaints involve the same predicate facts.

For these reasons, this case is **MOOT**.  The appeal is **DISMISSED**.  The judgment of the district court is **VACATED** and the case is **REMANDED** with instructions to dismiss the case.