461 So.2d 188 (1984)
S.N.W. CORP., P.N.W. Corp. and K.N.W. Corp., Appellants,
v.
Norman HAUSER and Judith B. Hauser, His Wife, Appellees.
No. 83-1950.
District Court of Appeal of Florida, Fourth District.
December 12, 1984.
Rehearing Denied January 18, 1985.
Myron H. Burnstein of Burnstein & Knee, Hollywood, for appellants.
Ira Pozen of Ira Pozen, P.A., Miami, for appellees.
DELL, Judge.
Appellants, the sellers of two condominium units, appeal from a final judgment which awarded appellees damages for breach of contract.
The parties stipulated to the following facts:
On or about August 7, 1979 Plaintiffs and Defendants entered into contracts to purchase two (2) condominium units in building number three (3) of the Towers of Oceanview; unit number A 621 was to be purchased for the sum of $137,900.00 and unit B 718 was to be purchased for the sum of $89,400.00. Plaintiffs made timely payments of $13,790.00 on unit A 621 and $8,940.00 on unit B 718. Plaintiffs failed to make advanced deposits that were due not later than January 22, 1980 on both units. On or about February 15, 1980 Defendants notified Plaintiffs by mail of their failure to pay the contractual deposits. On or about February 20, 1980 Plaintiffs tendered the contractual advanced deposits to Defendants, said tendered checks were received by Defendants sometime thereafter, and on or about February 29, 1980 Defendants refused tender and returned said checks to Plaintiffs. On or about March 7, 1980 Plaintiffs and Defendants entered into new agreements for the same units at increased prices; the purchase price for unit A 621 was $157,000.00 and the purchase price for unit B 718 was $109,000.00. On March 13, 1981 the closings *189 on the units were held pursuant to the new agreements of March 7, 1980; the closings were held under protest by Plaintiffs  Plaintiffs having filed a [sic] instant cause of action asking for Declaratory Relief prior to the closing and had advised Defendants of the action.
The trial court found: time was not of the essence; appellants' notices of default mailed on or about February 15, 1980 did not act as notice of cancellation in accordance with the purchase agreements; the purchase agreements were in full force and effect when appellees tendered their deposits; appellants wrongfully terminated the original condominium purchase agreements; and that appellees were within their legal right in demanding that the closing be conducted in accordance with the original condominium purchase agreements. Based on these findings of fact, the trial court awarded appellees the sum of $38,700 which represented the difference in the purchase price between the original condominium purchase agreements and the subsequent agreements under which the parties closed.
Appellants contend that the trial court erred in awarding appellees damages because it should have construed the purchase and sale agreements under which the transaction closed as a novation of the original contracts. We agree.
Appellants raised the question of novation in the trial court but the trial judge did not address the issue, nor have the appellees addressed it in their answer brief.
A novation takes place only by agreement, but where the terms of a written agreement are not in doubt, the question of whether it effects a novation is one of law for the court. Morecraft v. Allen, 78 N.J.L. 729, 75 A. 920, L.R.A. 1915B, 1. Existence of a novation must be implied as a matter of law in those instances where the parties enter into an entirely new and unambiguous agreement of equal or greater dignity to the agreement first made with respect to the same subject.
Evans v. Borkowski, 139 So.2d 472, 474 (Fla. 1st DCA 1962), cert. denied, 146 So.2d 378 (Fla. 1962). Appellants argue that they satisfied the four requisite elements for a novation: (1) the existence of a previously valid contract; (2) the agreement to make a new contract; (3) the intent to extinguish the original contractual obligation; and (4) the validity of the new contract. Sans Souci v. Division of Florida Land Sales & Condominiums, 421 So.2d 623, 630 (Fla. 1st DCA 1982), rev'd on other grounds, 448 So.2d 1116 (Fla. 1st DCA 1984); 11 Fla.Jur.2d Contracts § 183. The record in this case establishes the requisite elements. First, no dispute exists that the original contracts for the purchase of the condominium units constituted valid contracts. Appellees rely on the validity of those contracts as the basis for their claim for damages. Second, the parties stipulated that on March 7, 1980 they entered into new agreements for the same units at increased prices. Appellees tendered additional deposit checks totalling $11,365.00, which together with the deposits initially held in escrow, constituted the total down payment for the apartments at the higher prices. Third, appellee Norman Hauser admitted under cross examination that he intended to purchase the apartments under whatever terms he had to agree to in order to obtain the apartments. Fourth, the new contracts entered into between the parties were of equal dignity to the first contracts, and concerned the same subject matter.
The record adequately demonstrates that the actions of the parties extinguished the original contractual obligations regardless of whether appellants had properly terminated them. We also note that the trial court's finding that appellants failed to properly terminate the original contracts supports the conclusion that the original contracts constituted valid existing obligations at the time that the parties agreed to the new contracts. Appellees had the option of entering into the new contracts or exercising such legal and equitable remedies which they may have had available under the terms of the original contracts. *190 Appellees chose the former and that choice resulted in a novation.
Therefore we hold that the trial court erred in failing to consider the issue and in failing to find that a novation occurred upon the execution of the contracts under which the transaction closed. Accordingly we reverse the trial court's judgment awarding appellees damages in the amount of $38,700 plus interest.
REVERSED.
HURLEY and WALDEN, JJ., concur.