545 So.2d 518 (1989)
Ketron B. BROWN and Judy L. Brown, His Wife, Appellants,
v.
Patrick Gilham KELLY, Appellee.
No. 88-744.
District Court of Appeal of Florida, Fifth District.
July 6, 1989.
*519 Michael J. Appelton, Orlando, for appellants.
George C. Kelley, A Professional Ass'n, Apopka, for appellee.
NORRIS, W.A., Jr., Associate Judge.
Appellants, Ketron and Judy Brown (the buyer) appeal a final judgment in favor of appellee Patrick Kelly (the seller) granting specific performance of an alleged oral agreement for the reconveyance of real property and denying appellant's slander of title claim.
Buyer and seller entered into a written contract for the sale and purchase of certain real property which was subsequently conveyed to the buyer by warranty deed. A second contract was executed for an adjacent parcel which was also subsequently conveyed to buyer by warranty deed. Both legal descriptions were furnished by the seller from surveys prepared at his request.
After the transactions were concluded, seller asserted that he had an oral agreement with the buyer for the reconveyance of a 20 foot wide strip of land running along the western boundary of the property and that the 20 foot strip was conveyed to buyer only to facilitate the issuance of a building permit. A series of letters and other communications were exchanged between the parties, including a proposal whereby the seller would convey another 35 foot strip in exchange for the reconveyance of the 20 foot strip. The negotiations culminated in the buyer denying the existence of any agreement, written or oral, to reconvey the 20 foot strip to the seller. It is undisputed that no written contracts ever existed concerning either the 20 foot strip or the 35 foot strip. The buyer then filed an application with a lending institution to refinance their home and to satisfy seller's purchase money second mortgage which encumbered a portion of the property. The seller and his attorney sent estoppel letters to the lender's title insurer conditioning the satisfaction of the purchase money second mortgage on the reconveyance of the 20 foot strip. The title insurer *520 refused to issue a mortgagee policy to the lender and the buyer was thereafter unable to close on the financing. Later, the buyer reapplied and obtained refinancing with a mortgagee policy issued by the same company that originally refused to insure on the first application.
The buyer filed a slander of title action and the seller counterclaimed for specific performance, among other things.
The trial judge entered a final judgment against the buyer on their slander of title action and for the seller on that portion of his counterclaim seeking specific performance of the alleged oral agreement. The buyer was ordered to reconvey the 20 foot strip to the seller in exchange for the 35 foot strip.
Appellants have presented five issues on appeal, only two of which we need to address: (1) whether the trial court erred in finding an enforceable agreement between the parties and (2) whether the trial court erred in denying relief on the slander of title claim.
In ordering the reconveyance the trial court found:
... a novation made between the parties hereto rescinding any prior verbal contract between the parties pursuant to which the defendant ... fully performed... .
The elements of a novation are: (1) existence of a previously valid contract; (2) agreement to make a new contract; (3) intent to extinguish the original contractual obligation; and, (4) validity of the new contract. S.N.W. Corporation v. Hauser, 461 So.2d 188 (Fla. 4th DCA 1984), rev. denied, 471 So.2d 43 (Fla. 1985).
The original agreement, if indeed there was an agreement, was not enforceable because it was not in writing as required by section 725.01, Florida Statutes, and none of the elements necessary to remove the alleged oral agreement from the Statute of Frauds were present. See Moraitis v. Galluzzo, 487 So.2d 1151 (Fla. 4th DCA 1986). Further, any alleged oral agreements made prior to the execution of the two written contracts were merged into the written contracts. Financial Federal Savings v. Continental Enterprise, Inc., 338 So.2d 907 (Fla. 3d DCA 1976); Windowmaster Corporation v. Jefferson Construction Co., 114 So.2d 626 (Fla. 3d DCA 1959).
Since the original agreement was not valid, there is no obligation to be discharged and, thus, no novation. We therefore reverse that portion of the final judgment granting specific performance and ordering the buyer to reconvey the 20 foot strip to the seller in exchange for the 35 foot strip.
"Slander of title" is defined as a false and malicious statement, oral or written, made in disparagement of a person's title to real or personal property, or of some right of his causing him special damage. Old Plantation Corp. v. Maule Industries, Inc., 68 So.2d 180 (Fla. 1953). The statement in the estoppel letter that a satisfaction of the purchase money mortgage was conditioned upon a reconveyance of the 20 foot strip was clearly predicated on the seller's belief, albeit mistaken, that he had a valid and enforceable agreement with the buyer. It is neither false nor, under the facts, malicious. Further, the buyer was subsequently able to obtain refinancing despite the statements contained in the estoppel letters. We, therefore, affirm the denial of relief in the slander of title claim.
AFFIRMED in part; REVERSED in part; and REMANDED.
DANIEL, C.J., and COBB, J., concur.