896 F.Supp. 1209 (1995)
LUMBERMENS MUTUAL CASUALTY COMPANY, Plaintiff,
v.
Michelle WHITE, a/k/a Michelle Murray White, Donna M. Dressler, Guardian ad Litem for Megan Diane Murray, a minor, and Jeffrey A. Murray, a minor, Defendants.
No. 94-1163-CIV-ORL-18.
United States District Court, M.D. Florida, Orlando Division.
September 13, 1995.
*1210 Wayne T. Gill, Walton, Lantaff, Schroeder & Carson, West Palm Beach, FL, for plaintiff.
David B. Falstad, Gurney & Handley, P.A., Orlando, FL, James A. Walker, McNally & Walker, Coral Gables, FL, for defendants.

ORDER
G. KENDALL SHARP, District Judge.
Lumbermens Mutual Casualty Company (Lumbermens) brings this action against Michelle White (White) and Donna M. Dressler (Dressler) as Guardian ad Litem for Megan D. Murray (Megan) and Jeffrey A. Murray (Jeffrey), minors, seeking a declaratory judgment. Lumbermens seeks the court's declaratory judgment on: (1) whether it owes insurance coverage to White; (2) whether it has a duty to defend White in a state court action; and (3) whether Megan, Jeffrey, or Dressler constitute third party beneficiaries of the Lumbermens insurance policy issued to White. The case is currently before the court on the parties' alternate motions for summary judgment. (Docs. 33, 47.) The court concludes that the claims made against White in the state court complaint are not covered by Lumbermens' policy of automobile insurance issued to White, and that Lumbermens is not required to defend White in state court.

I. Facts
On September 2, 1991, an automobile owned and driven by White collided with a cow. White's children, Megan and Jeffrey, were passengers in the automobile at the time of the collision, and allegedly sustained bodily injuries as a result. At the time of the accident, White was insured by a policy of automobile insurance issued by Lumbermens.
On September 19, 1994, Dressler filed suit in Florida state court, as Guardian Ad Litem on behalf of Megan and Jeffrey, against White and Deseret Ranches of Florida, Inc. (Deseret) for the bodily injuries Megan and Jeffrey allegedly sustained as a result of the collision. Deseret allegedly owned or had supervisory responsibility over the cow involved in the collision. Lumbermens is currently defending White in the state court *1211 action but contests its responsibility to do so, which partially forms the basis for the declaratory judgment action at bar.
Part A of the "Liability Coverage" provision of the insurance policy issued by Lumbermens to White states in relevant part that:
A. We will pay damages for "bodily injury" or "property damages" for which any "insured" becomes legally responsible because of an auto accident ... We will settle or defend, as we consider appropriate, any claim or suit asking for these damages ... We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.
The policy also contains a Liability Coverage Exclusion Endorsement, commonly known as a family member exclusion provision, which states:
The following exclusion is added to Part A, Section A: We do not provide Liability Coverage for any person for "bodily injury" to you or any "family member."
Lastly, the policy prescribes the following relevant definitions:
A. Throughout this policy, "you" and "your" refer to: 1. The "named insured" shown in the Declarations; and 2. the spouse if a resident of the same household. B. "We," "us," and "our" refer to the Company providing this insurance. F. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.
It is undisputed that Megan and Jeffrey are the natural children of defendant White, and that both children resided in White's household at all times relevant to this case. Further, there is no dispute over the fact that White purchased the Lumbermens policy of automobile insurance in Florida.

II. Legal Discussion

A. Legal Standard for Summary Judgment
Summary judgment is authorized if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248, 106 S.Ct. at 2510.
The moving party bears the burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. Anderson, 477 U.S. at 255, 106 S.Ct. at 2514; see Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S.Ct. 1348, 1356-57, 89 L.Ed.2d 538 (1986). The moving party may rely solely on his pleadings to satisfy this burden. Celotex, 477 U.S. at 323-24, 106 S.Ct. at 2552-54; Fed.R.Civ.P. 56(c). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50, 106 S.Ct. at 2510-11 (citations omitted).

B. The Parties' Motions for Summary Judgment
The main issue in this case surrounds the validity of the family member exclusion provision in the policy of automobile insurance issued to White by Lumbermens. If the family exclusion provision is valid, Lumbermens owes neither liability coverage nor a legal defense to White in the state court action currently pending in Orange County Circuit Court.
*1212 Florida law controls the disposition of issues currently before this court. See LaTorre v. Connecticut Mut. Life Ins. Co., 38 F.3d 538, 540 (11th Cir.1994); Wilson v. Insurance Co. of N. Am., 415 So.2d 754, 755 (Fla.Dist.Ct.App.1982) (holding that the terms of a policy of insurance are construed according to the law of the state in which the policy was issued). Further, the question of whether insurance coverage or a legal defense is owed is a legal question to be determined by the court. See Allstate v. Conde, 595 So.2d 1005, 1008 (Fla.Dist.Ct.App.1992).
Lumbermens claims that it owes neither liability coverage nor a legal defense to White for the automobile accident at issue in the related state court proceeding. To support its claim, Lumbermens argues that the family exclusion provision is valid under Florida law and insulates Lumbermens from owing liability coverage to White for Megan and Jeffrey's alleged injuries, which would consequently relieve Lumbermens from providing White a legal defense in state court.
In response, White and Dressler urge that family member exclusion clauses are contrary to current public policy trends and should, therefore, not operate to preclude liability coverage in this case, even though the clauses are presently valid under Florida law. To support their argument, White and Dressler rely principally on Waite v. Waite, 618 So.2d 1360 (Fla.1993) and Chrysler Corp. v. United Serv. Auto. Assoc., 625 So.2d 69 (Fla.Dist.Ct.App.1993).
In Waite, the Florida Supreme Court formally abrogated the doctrine of interspousal immunity. Waite, 618 So.2d at 1361. In doing so, the court recalled its holding in a prior case which stated that "the doctrine of interspousal immunity no longer is applicable when the public policy reasons for applying it do not exist." Id. (citing Sturiano v. Brooks, 523 So.2d 1126, 1128 (Fla.1988)). White and Dressler argue that the same test should be applied to determine the current validity of family member exclusion provisions.
In 1993, the Florida First District Court of Appeal upheld the validity of family member exclusion provisions under Florida law. Chrysler Corp., 625 So.2d at 74. However, in a special concurrence, one judge noted that the supreme court's decision in Waite cast doubt on whether family member exclusion provisions were still justified in light of public policy determinations made in Waite. Id. at 75 (Zehmer, C.J., concurring). Thus, even though he joined in the majority decision to uphold the family member exclusion provision, Judge Zehmer urged the state supreme court to "revisit the policy reasons that currently allow automobile insurance policies to exclude coverage for the insured's liability to other family members." Id.
Nevertheless, until the Florida supreme court or the state legislature specifically rules to the contrary, family member exclusion provisions remain valid and enforceable under Florida law. See Ard v. Ard, 414 So.2d 1066, 1067, 1069 (Fla.1982). More specifically, "if the parent is without liability insurance, or the policy contains an exclusion clause for household or family members, then parental immunity is not waived and the child cannot sue the parent." Id. at 1067.
Consequently, the policy of automobile insurance issued by Lumbermens to White contained a family exclusion provision valid under Florida law. Thus, because Megan and Jeffrey are White's natural children, the bodily injuries they allegedly sustained in the September 2, 1991 collision are not covered by White's automobile insurance policy because of the family member exclusion provision. Therefore, because Lumbermens owes no liability coverage to White for Megan and Jeffrey's injuries, Lumbermens does not have a duty to defend White in the related state court action based on those injuries. See Lime Tree Village Community Club Ass'n, Inc. v. State Farm Gen. Ins. Co., 980 F.2d 1402, 1405 (11th Cir.1993) (finding that an insurer's duty to defend arises when the complaint alleges facts which fairly and potentially bring the suit within policy coverage).

C. Lumbermens' Prayer for Relief
Lumbermens requests that the court issue a judgment declaring that: (1) Lumbermens owes no liability coverage to White for the claims made against her in the related state court action; (2) Lumbermens has no *1213 duty to defend White in the related state court action; and (3) Neither Megan, Jeffrey, nor Dressler are third party beneficiaries of the policy of automobile insurance issued by Lumbermens to White.
While Lumbermens demonstrated that it does not owe White liability coverage or a legal defense in the related state court action, Lumbermens has failed to demonstrate, as a matter of law, why it is entitled to a declaratory judgment on whether Megan, Jeffrey, or Dressler are third party beneficiaries of its policy issued to White. Thus, the court declines to issue that portion of the requested declaratory relief.

III. Conclusion
The court finds that the family member exclusion provision in the Lumbermens policy issued to White is valid under Florida law, and relieves Lumbermens from its duty to provide liability coverage, and consequently a legal defense, to White for the claims made against her in the related state court action. Further, the court finds no genuine issue of material fact that would justify bringing this case to trial. Accordingly, the court DENIES White's motion for summary judgment (Doc. 47.), and GRANTS Lumbermens' motion for summary judgment (Doc. 33.), except that the court makes no declaration as to whether Megan, Jeffrey, or Dressler constitute third party beneficiaries of White's insurance policy issued by Lumbermens. Thus, the court directs the clerk of court to enter a judgment of declaratory relief in favor of Lumbermens to the extent that its motion for summary judgment was granted.
It is SO ORDERED.