PER CURIAM.
We reverse the dismissal of Appellant’s first amended complaint as to count I, slander of title. As to that count, Appellant pleads the recording of a grossly inflated and false claim of lien and claims that the lien was recorded with knowledge of its falsity, causing special damages. See generally Brown v. Kelly, 545 So.2d 518, 520 (Fla. 5th DCA 1989) (citing Old Plantation Corp. v. Maule Indus., Inc., 68 So.2d 180 (Fla.1953)). See also Allington Towers Condominium N., Inc. v. Allington Towers N., Inc., 415 So.2d 118, 119 (Fla. 4th DCA 1982). We find the pro se complainant states a cause of action, albeit inartfully worded and containing additional allegations that are superfluous to a slander of title claim. In reaching this conclusion, we note that we have looked solely to the four corners of Appellant’s pleading, without regard to any defenses that may be filed. See Gladstone v. Smith, 729 So.2d 1002, 1003 (Fla. 4th DCA 1999).
Although Appellees argue on appeal that the amended complaint was untimely filed, this does not appear to be the basis for Appellees’ motion to dismiss or the trial court order. As to all other counts, we affirm. We remand for further proceedings as to count I.
STONE, HAZOURI, JJ., and STETTIN, HERBERT, Senior Judge, concur.