[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 21, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-10778

_____

D. C. Docket No. 02-00058 CV-OC-10GRJ

TRAVELERS INDEMNITY COMPANY OF ILLINOIS,

                                    Plaintiff-Counter-Defendant-Appellee,

    versus

ROYAL OAK ENTERPRISES, INC.,
A foreign corporation,

                                    Defendant-Counter-Claimant-Appellant,

DON SWEARINGEN,
an individual, et al.,

                                    Defendants-Counter-Claimants.

_____

No. 05-11749

_____

D.C. Docket  No. 02-00330 CV-OC-10-GRJ

ROYAL OAK ENTERPRISES, INC.,

                                    Plaintiff-Appellant,

versus

TRAVELERS INDEMNITY COMPANY OF ILLINOIS,

Defendant-Appellee.

_____

No. 05-12966

_____

D.C. Docket No. 02-00058 CV-OC-10-GRJ

TRAVELERS INDEMNITY COMPANY OF ILLINOIS,

Plaintiff-Counter-Defendant-Appellee,

versus

ROYAL OAK ENTERPRISES, INC.,
A foreign corporation,

Defendant-Counter-Claimant-Appellant,

DAN SWEARINGEN,
an individual,

Defendant-Counter-Claimant,

JOHN V. TILTON, SR.,
As Personal Representative of the Estate of
John V. Tilton, Jr., deceased,

Defendant.

2

**(April 21, 2006)**

Before DUBINA, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

This case was filed as a diversity action in the United States District Court for the Middle District of Florida. Travelers Indemnity Company of Illinois ("Travelers") sued Royal Oak Enterprises, Inc. ("Royal Oak"), Dan Swearingen, and John V. Tilton, Sr. Swearingen was dismissed on March 24, 2004. Tilton was served, but never appeared.

In Appeal No. 05-10778, the district court entered partial summary judgment in favor of Travelers. Because the parties stipulated that a recent Florida Supreme Court decision required judgment in favor of Royal Oak on count 2 of its counterclaim and Travelers' count 2, resolving the remaining claims, final judgment was entered and Royal Oak then perfected this appeal.

In Appeal No. 05-11749, Royal Oak appeals the district court's order allowing costs but denying Royal Oak's motion for attorney's fees.

In Appeal No. 05-12966 Royal Oak appeals from an adverse judgment in a case that was removed from the state court to federal district court under 28 U.S.C. § 1441.

We consolidated these appeals for briefing and oral argument purposes.

The issues presented for appellate review are: (1) whether summary judgment was proper where Florida law permitted Travelers to provide a defense under a reservation of rights and did not permit Royal Oak reimbursement of its personal counsel fees because it did not reject Travelers' defense; (2) whether we should affirm the dismissal of the bad faith claims where there was no excess judgment, there was an absolute defense to the negligence claim, and Florida law gives Travelers the right to make decisions as to when to accept settlement; and (3) whether the denial of fees should be affirmed where Royal Oak could not meet the statutory condition precedent that a policy must be delivered in Florida before there is a right to Fla. Stat. § 627.428 fees.

The determination and application of Florida law in a motion for summary judgment is reviewed *de novo*. *Lime Tree Vill. Comty. Club Ass'n, Inc. v. State Farm Gen. Ins. Co.*, 980 F.2d 1402, 1405 (11th Cir. 1993). A Fed. R. Civ. P. 12(b)(6) dismissal is reviewed *de novo*. *Simmons v. Sonyika*, 394 F.3d 1335, 1338

(11th Cir. 2004). Statutory construction is a question of law reviewed *de novo*. *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1223 (11th Cir. 2004).

A ruling on a motion to reconsider is reviewed for an abuse of discretion. *American Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985).

After reviewing the record, reading the parties' briefs and having the benefit of oral argument, we conclude that there is no merit to any of the arguments Royal Oak makes in these appeals.

Accordingly, we affirm the district court's orders and judgments which are the subject of these appeals.

**AFFIRMED.**