[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10326
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cv-01237-WFJ-JSS

COLORADO BOXED BEEF CO., INC.,

Plaintiff - Appellant,

BRYAN SATERBO, et. al.,

Plaintiffs,

versus

EVANSTON INSURANCE COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 13, 2019)

Before WILLIAM PRYOR, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

This case concerns whether Evanston Insurance Company is obligated to indemnify and defend several directors and officers of Colorado Boxed Beef (collectively, "CBB") in a separate proceeding in Florida state court.[1]  The district court concluded that it is not, as the underlying state-court case concerns the sale of equity securities and thus qualifies for a policy exclusion in CBB's Directors and Officers liability insurance policy.  On appeal, CBB contends that the district court erred in so holding because the allegations in the underlying case "fairly and potentially bring the suit within coverage and the allegations are not cast solely within the policy exclusion."  For the following reasons, we disagree.

We review *de novo* the district court's interpretation of an insurance contract, and in doing so, construe its terms "according to their plain meaning." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (citations and quotations omitted).  Under Florida law, "[i]t is well settled that an insurer's duty to defend its insured against a legal action arises when the complaint alleges facts that fairly and potentially bring the suit within policy

---

[1] The plaintiffs in state court are former shareholders and officers of CBB.  They assert seven claims against CBB based on the sale of their shares pursuant to a Stock Purchase Agreement, including (1) fraud in the inducement, (2) negligent misrepresentation, (3) violation of Fla. Stat. § 517.301 "for making false statements," (4) breach of fiduciary duty, (5) unjust enrichment, (6) conspiracy to defraud, and (7) rescission.

coverage." *Hartford Acc. & Indem. Co. v. Beaver*, 466 F.3d 1289, 1292 (11th Cir. 2006) (quotations and citations omitted). If we conclude that the complaint in the underlying case "alleges facts showing two or more grounds for liability, one being within the insurance coverage and the other not," the insurer is bound "to defend the entire suit." *Lime Tree Vill. Cmty. Club Ass'n, Inc. v. State Farm Gen. Ins. Co.*, 980 F.2d 1402, 1405 (11th Cir. 1993) (quotations and citations omitted). "[A]ny doubt about the duty to defend," we have said, "must be resolved in favor of the insured." *State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004) (citations omitted).

Evanston's D&O policy provides, in pertinent part, that it "shall pay on behalf of the Insured Persons all Loss . . . which the Insured Persons become legally obligated to pay on account of any Claim . . . for a Wrongful Act taking place before or during the Policy Period." "Wrongful Act[s]" include "[a]ny actual or alleged error, misstatement, misleading statement, act, omission, neglect, or breach of duty." Despite this broad language, the D&O policy includes several coverage exceptions. The district court's decision turned on Exclusion K, which provides that Evanston will not be responsible for claims "[b]ased upon, arising out of or in any way involving (i) the actual, alleged or attempted purchase or sale, or offer or solicitation of an offer to purchase or sell, any debt or equity securities; or

3

(ii) the actual or alleged violation of any federal, state, . . . or common . . . law relating to . . . debt or equity securities."

We agree with the district court that the underlying claims all fall within the scope of Exclusion K.  CBB emphasizes that the district court concluded that the "allegations of self-dealing or corporate theft" in the complaint "could stand alone as 'claims' for 'wrongful acts' under the policy."  CBB reads these references in the complaint out of context, however.  As the district court correctly recognized, the alleged instances of "self-dealing or corporate theft" are "part and parcel of the fraudulent inducement and purchase of the (suing) Sellers' shares in the company." Indeed, the complaint states that the state-court plaintiffs sought damages or rescission of the Stock Purchase Agreement "arising from [CBB's] misrepresentations and omissions of material facts in connection with [CBB's] purchase of shares" from the plaintiffs, and each count is tailored toward that end. To the extent that the complaint references "improper management and self-dealing," it does so not in support of stand-alone claims, but rather as part of the overall scheme to allow CBB to induce the state-court plaintiffs to sell their shares at an artificially low price.

We think that any references to self-dealing in the state-court complaint, at a minimum, "aris[e] out of" the sale of securities.  *See Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 539 (Fla. 2005) (explaining that "arising out of"

4

"should be interpreted broadly" and that the phrase merely "requires some casual

connection[] or relationship") (citations omitted).  Therefore, the district court

correctly held that Evanston can rely on Exclusion K to deny coverage.

**AFFIRMED**